UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO DE LA TORRE,<br><br>           Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>           Defendant. | Case No. CV 12-2080 JC<br><br>MEMORANDUM OPINION |

## I. SUMMARY

On March 15, 2012, plaintiff Mario De La Torre ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 16, 2012 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On December 4, 2008, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 24, 176, 179). Plaintiff asserted that he became disabled on November 5, 2008, due to frost bite to both hands, right carpal tunnel syndrome, and De Quervain's syndrome. (AR 198). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), and a vocational expert on January 10, 2011. (AR 39-65).

On January 24, 2011, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 24-35). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: obesity, right severe median neuropathy, left moderate median neuropathy posttraumatic arthritis, De Quervain's syndrome, and carpal tunnel syndrome (AR 27); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 28); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[2] (AR 29); (4) plaintiff could not perform his past relevant work (AR

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004) (applying harmless error standard); see also Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006) (discussing contours of application of harmless error standard in social security cases).

[2] The ALJ determined that plaintiff: (1) could lift and/or carry 10 pounds occasionally and less than 10 pounds frequently in an eight-hour workday; (2) could stand, walk, or sit for eight hours in an eight-hour workday; (3) could not do forceful gripping, grasping or twisting with

(continued...)

33); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically information clerk and credit checker (AR 34); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 31).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

    (1)    Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

    (2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

---

[2](...continued)
either hand; (4) could frequently grip, grasp, feel or finger bilaterally; (5) could frequently climb, balance, stoop, kneel, crouch and crawl; and (6) could occasionally climb ladders.  (RT 29).

1     (3)   Does the claimant's impairment, or combination of
2           impairments, meet or equal an impairment listed in 20 C.F.R.
3           Part 404, Subpart P, Appendix 1? If so, the claimant is
4           disabled. If not, proceed to step four.
5     (4)   Does the claimant possess the residual functional capacity to
6           perform claimant's past relevant work? If so, the claimant is
7           not disabled. If not, proceed to step five.
8     (5)   Does the claimant's residual functional capacity, when
9           considered with the claimant's age, education, and work
10          experience, allow the claimant to adjust to other work that
11          exists in significant numbers in the national economy? If so,
12          the claimant is not disabled. If not, the claimant is disabled.

13 Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
14 Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).
15      The claimant has the burden of proof at steps one through four, and the
16 Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262
17 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also
18 Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).
19      **B.   Standard of Review**
20      Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
21 benefits only if it is not supported by substantial evidence or if it is based on legal
22 error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
23 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
24 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable
25 mind might accept as adequate to support a conclusion." Richardson v. Perales,
26 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a
27 mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing
28 Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" <u>Aukland v. Massanari</u>, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting <u>Penny v. Sullivan</u>, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. <u>Robbins</u>, 466 F.3d at 882 (citing <u>Flaten</u>, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ failed properly to evaluate the opinions of Dr. Vito Caruso, plaintiff's treating physician. (Plaintiff's Motion at 3-11). For the reasons discussed below, plaintiff is not entitled to a reversal or remand on this basis.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3] <u>See id</u>. In general, the opinion of a treating physician is entitled to greater weight than that of a non-treating

---

[3] <u>Cf.</u> <u>Le v. Astrue</u>, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

5

physician because the treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citation and internal quotations omitted). The ALJ can reject the opinion of a treating physician in favor of another conflicting medical opinion, if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. (citation and internal quotations omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings) (citations and quotations omitted); Magallanes, 881 F.2d at 751, 755 (same; ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion). "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id. "Broad and vague" reasons for rejecting the treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).

///
///
///

**B.     Analysis**

Plaintiff contends that the ALJ improperly rejected the opinions expressed by Dr. Caruso in a June 10, 2008 "Physical Capacities Evaluation"[4] and an October 19, 2010 "Medical Opinion Re: Ability to do Work-Related Activities (Physical),"[5] that due to his impairments, plaintiff would miss work three times a month and, therefore, was essentially unable to perform even sedentary work (collectively "Dr. Caruso's opinions"). (Plaintiff's Motion at 3-11) (citing AR 244, 367-69). The Court concludes that a remand or reversal is not warranted on this basis because the ALJ properly rejected Dr. Caruso's opinions for specific and legitimate reasons supported by substantial evidence.

Here, the ALJ properly rejected Dr. Caruso's opinions regarding plaintiff's functional limitations as inconsistent with plaintiff's demonstrated abilities to work and plaintiff's own statements regarding his functional capabilities. (AR 29, 30-31); <u>Magallanes</u>, 881 F.2d at 751-52. For example, plaintiff testified that he had worked about a month prior to the administrative hearing and for several months during 2009 and 2010. (AR 43-47). Moreover, plaintiff testified that he

---

[4]In the Physical Capacities Evaluation, Dr. Caruso diagnosed plaintiff with bilateral carpal tunnel syndrome and De Quervain's syndrome, and opined that plaintiff (i) could sit, stand or walk eight hours in an entire eight hour day; (ii) could lift only 10 pounds occasionally; (iii) could never finger or grasp, rarely handle, and frequently stoop and crouch; (iv) would frequently experience pain severe enough to interfere with attention and concentration needed to perform even simple work tasks; and (v) would be absent from work about three days per month due to plaintiff's impairments or treatment. (AR 244).

[5]In the Medical Opinion Re: Ability to do Work-Related Activities (Physical), Dr. Caruso opined that plaintiff (i) could lift and carry less than ten pounds frequently; (ii) could stand, walk and sit without limitation; (iii) would frequently need to lie down at unpredictable intervals whenever plaintiff experienced pain severe enough to interfere with attention and concentration needed to perform even simple work tasks; (iv) could frequently twist, stoop, crouch and climb stairs, and could occasionally climb ladders; (v) has sensory loss and muscle weakness and reduced range of motion; (vi) is unable to perform fine or gross manipulation; (vii) would need to avoid all exposure to extreme cold due to increased right hand and thumb pain/tenderness/weakness following cold exposure. (AR 367-69).

believed he could work five days a week, eight hours a day if he was able to find a job where his hand would not be a problem. (AR 47). As the ALJ noted, plaintiff reported during a psychiatric consultative examination that he lived alone, had driven himself to the examination and was able to handle his own personal hygiene, do household chores, run errands, shop, and cook. (AR 30) (citing Exhibit 3F at 3 [AR 251]).

The ALJ properly rejected Dr. Caruso's opinions in favor of the conflicting opinions of Dr. John S. Godes, a consultative examining physician who found no physical limitations beyond those already accounted for in the ALJ's residual functional capacity assessment.[6] (AR 31-32, 256-61). Dr. Godes' opinions were supported by independent clinical findings (*i.e.*, a Complete Internal Medicine Evaluation and physical examination of plaintiff) (AR 256), and thus constituted substantial evidence upon which the ALJ could properly rely to reject Dr. Caruso's opinions.[7] See, e.g., Tonapetyan V. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Andrews v. Shalala, 53

---

[6] Dr. John S. Godes, a consultative physician, examined plaintiff and found, *inter alia*, that plaintiff had (i) a clicking sound when he opened and closed his right hand; (ii) tenderness of the thenar eminence on the right hand; (iii) normal range of motion of both hands and wrists; (iv) numbness of the first three fingers of the right hand; (v) no tenderness or numbness in the left hand, but still had pain at times in the left hand; and (vi) otherwise grossly normal range of motion in his back, as well as upper and lower extremities. (AR 259-60). Dr. Godes concluded that plaintiff (i) could lift/carry 20 pounds occasionally and 10 pounds frequently; (ii) stand/walk/sit for six hours out of an eight-hour workday; (iii) would be limited for pushing and pulling in the upper extremities; and (iv) would have problems with gross and fine manipulation. (AR 260-61).

[7] The ALJ also rejected Dr. Caruso's opinions because they were presented in "checklist-style forms" and appeared to have been prepared "as an accommodation to [plaintiff] . . . in anticipation of litigation." (AR 32). Even assuming these reasons were improper (as plaintiff suggests and defendant concedes in part), the Court finds any error harmless since, as discussed above, the ALJ gave other valid reasons supported by substantial evidence for rejecting Dr. Caruso's opinions.

F.3d 1035, 1041 (9th Cir. 1995). Although plaintiff argues that Dr. Godes' opinions do not contradict Dr. Caruso's opinions (Plaintiff's Motions at 8-9), the Court will not second-guess the ALJ's reasonable determination otherwise, even if the medical evidence could give rise to inferences more favorable to plaintiff. It was the sole province of the ALJ to resolve any conflict or ambiguities in the properly supported medical evidence. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001) (citation omitted); Andrews, 53 F.3d at 1041 (citation omitted).

Accordingly, plaintiff is not entitled to a reversal or remand on this basis.

## V.   CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 24, 2012

                                                 /s/
                                        Honorable Jacqueline Chooljian
                                        UNITED STATES MAGISTRATE JUDGE